**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **THOMAS JOHN BURNS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 08-00641 PHX PGR (MEA) |
| ) | |
| **DORA SCHRIRO and** ) | REPORT AND RECOMMENDATION |
| **ARIZONA ATTORNEY GENERAL,** ) | |
| ) | |
| Respondents. ) | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On April 2, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on August 6, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.

**I Procedural History**

On July 15, 2003, Petitioner was charged by a complaint in state docket number CR2003-012254 with one count of burglary in the second degree and one count of theft. Answer, Exh. A. The complaint alleged the crimes were both committed on or about June 30, 1996. Id., Exh. A. An information charging the same

offenses was filed on July 24, 2003. Id., Exh. B.

Petitioner was appointed counsel to represent him in his criminal proceedings. Id., Exh. C. On July 24, 2003, Petitioner signed a written plea agreement in state docket number CR2003-012254. Id., Exh. C. The plea agreement provided Petitioner would plead guilty to one count of burglary and that Petitioner would be sentenced to a term of supervised probation. Id., Exh. C. On July 24, 2003, the state Superior Court accepted Petitioner's guilty plea. Id., Exh. D. On September 18, 2003, judgment was entered, the state trial court suspended imposition of Petitioner's sentence, and Petitioner was placed on probation for three years  Id., Exh. E.

In November of 2003 Petitioner initiated a state action for post-conviction relief. The Notice of Post-Conviction Relief cited Petitioner's conviction in CR2003-012254. See id., Exh. F. Petitioner was appointed counsel to represent him in this matter. Id., Exh. G. However, the brief filed by counsel on March 23, 2004, did not discuss Petitioner's burglary conviction or reference the docket number of that case. Id., Exh. G. The brief asserted Petitioner was entitled to post-conviction relief in state docket number CR2003-016472-001DT, a case charging Petitioner had failed to register as a sex offender. Id., Exh. G. The brief filed by counsel dealt only with issues arising from Petitioner's guilty plea to one count of failure to register as a sex offender. Id., Exh. G. On May 4, 2004, relief in that matter was granted and Petitioner was awarded an addition 23 days of pre-sentence incarceration in

1 that matter. Id., Exh. H.

2 On November 10, 2005, the state petitioned the Superior 3 Court to revoke Petitioner's probation in his 2003 burglary 4 case. Id., Exh. L. The state alleged Petitioner failed to 5 report to his probation officer and that his probation officer 6 had not known where Petitioner was residing since October 4, 7 2005. Id., Exh. L. Petitioner moved to dismiss arguing, *inter* 8 *alia*, that he was being denied his right to due process. Id., 9 Exh. M. The motion to dismiss was denied and, on March 8, 2006, 10 Petitioner admitted to the state court that he had violated a 11 term of probation. Id., Exh. BB.

12 Prior to accepting Petitioner's admission, the trial 13 court warned Petitioner that if he admitted a violation of the 14 terms of his probation, his probation could be revoked and that 15 he faced a presumptive term of 3.5 years imprisonment if his 16 probation was revoked. Id., Exh. BB. Nonetheless, Petitioner 17 made the admission. Id., Exh. BB. On April 6, 2006, the state 18 trial court ordered Petitioner's probation be revoked and the 19 state trial court sentenced Petitioner to a term of 3.5 years 20 incarceration, the presumptive term for burglary. Id., Exh. T.

21 Petitioner filed an action for post-conviction relief 22 in the state Superior Court on May 31, 2006. See Docket No. O. 23 Petitioner sought post-conviction relief from the finding that 24 he had violated probation in CR2003-012254 and the resulting 25 prison sentence. Id., Exh. O. Petitioner was appointed counsel 26 to represent him in these proceedings. Id., Exh. P. In his 27 Rule 32 action Petitioner argued the state's delay in

prosecuting the 1996 burglary violated Petitioner's right to due process of law and his Sixth Amendment right to a speedy trial. Id., Exh. Q & Exh. S.  Petitioner argued he was entitled to the dismissal of his 2003 conviction.  In the alternative, Petitioner asserted he was entitled to additional credit for pre-sentence incarceration with regard to his 3.5 year sentence, based on his confinement for other offenses committed between 1996 and 2003.  Id., Exh. Q.  Petitioner argued his Rule 32 action with regard to his 2003 conviction was timely because his Rule 32 counsel in his 2004 sex-offender-registration action was incompetent for failing to raise the "obvious" error with regard to his 2003 conviction.  Id., Exh. Q.

The state trial court denied relief in Petitioner's Rule 32 action on July 3, 2007, citing Rule 32.6(c), Arizona Rules of Criminal Procedure.  Id., Exh. U.  The state court reasoned that Petitioner's claims were procedurally barred because the petition was not timely.  Id., Exh. U.  The state court also concluded Petitioner's speedy trial claim and his due process claim were waived by Petitioner's guilty plea.  Id., Exh. U.  Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on May 9, 2008. Id., Exh. X.

Petitioner contends he is entitled to federal habeas relief because his original conviction for burglary, entered seven years after the crime was committed, violated his Sixth Amendment right to a speedy trial.  Petitioner also asserts he was denied his right to due process of law during his criminal

-4-

proceedings. Petitioner also asserts the sentence of imprisonment imposed as a result of his probation violation should be reduced by 356 days, arguing he is entitled to credit for his pre-sentence incarcerations in other criminal matters. Petitioner further contends he filed a timely state petition for post-conviction relief with regard to the "original judgment of sentence."

**II Analysis**

**Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's burglary conviction and sentence became final on or about December 18, 2003, ninety days after his sentencing, when the time expired for timely seeking

state post-conviction relief from the entry of judgment and sentencing. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). Petitioner had one year from that date, i.e., until December 18, 2004, to seek federal habeas relief, not counting any time during which the statute of limitations was statutorily tolled by the pendency of a properly-filed state action for post-conviction relief. Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not have any properly-filed state action for post-conviction relief pending in the state courts from December 18, 2003, through December 18, 2004. Petitioner's action for state post-conviction relief from his original 2003 burglary conviction, filed in May of 2006 and precipitated by the conclusion he had violated his probation, could not and did not re-start the expired statute of limitations regarding his federal habeas action on his 2003 conviction. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001);

Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only be considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Harris, 515 F.3d at 1053-54 & n.4; Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1055-56 (discussing standard and holding equitable tolling was warranted when the petitioner had relied on prior Circuit Court of Appeals precedent regarding the timely filing of his petition); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Harris, 515 F.3d at 1055 (stating a petitioner's "oversight, miscalculation," or "negligence" would not warrant equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence throughout the period he seeks to toll. See e.g., Bryant v. Arizona Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). It is Petitioner's burden to establish that equitable

tolling is warranted in his case.  See Bryant v. Arizona Atty Gen., 499 F.3d 1056, 1059-60 (9th Cir. 2007) (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

Petitioner has not responded to the answer to his petition within the thirty days specified by the Local Rule for filing such a response.  Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the cause for his failure to timely file his federal habeas action.  See Pace, 544 U.S. at 419; 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable

-8-

tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

### III  Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA. Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Burns' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to

the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 11th day of September, 2008.

_____
Mark E. Aspey
United States Magistrate Judge